IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta

SEP 1 4 2007

By: JAMES N. HATTEN, Clerk
~~~~~ Deputy Clerk

HAL UNSCHULD, on behalf
of himself and all others
similarly situated,

      Plaintiff,

v.

TRI-S SECURITY CORPORATION,
f/k/a DIVERSIFIED SECURITY
CORPORATION, RONALD FARRELL,
E. WAYNE STALLINGS, CAPITAL
GROWTH FINANCIAL, LLC, and
BATHGATE CAPITAL PARTNERS,
LLC,

      Defendants.

CIVIL ACTION NO.

1:06-CV-02931-JEC

## O R D E R  &  O P I N I O N

This case is presently before the Court on plaintiff's Motion to Remand to State Court [3] and defendants' Request for Oral Argument on Plaintiff's Motion to Remand [9].  The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Motion to Remand to State Court [3] should be **GRANTED** and defendants' Request for Oral Argument on Plaintiff's Motion to Remand [9] should be **DENIED**.

## I.    Introduction

This is a securities class action brought by the plaintiff on

behalf of himself and all other public investors who purchased publicly traded common stock in the defendant, Tri-S Security Corporation, as a part of the Company's February 9, 2005 initial public offering.   ("Compl." [1]) According to the Complaint, the defendants misrepresented and failed to disclose problems that the defendant company was experiencing as result of its acquisition of a second company, Paragon Systems, Inc. (Compl. at ¶ 2.)

The Complaint asserted only claims for violations of the Securities Act of 1933 ("1933 Act" or "the Securities Act"), pursuant to 15 U.S.C. §§ 77k, 77l(a)(2) and 77o.   Although the plaintiff asserts only federal-law claims, however, he brought this action in the State Court of Fulton County.  Upon service of the action, the defendants filed a Notice of Removal to the United States District Court for the Northern District of Georgia, pursuant to 15 U.S.C. §§ 77p(f)(2)(A)(i)(II), 77p(b) & 77p(c).[1]

Plaintiff has filed a Motion to Remand, which is now before this Court and which presents a single issue: is a securities class action filed in state court and brought entirely under the 1933 Securities Act removable to federal court?  That is, may a defendant remove a

---

[1]   The defendants also indicated that they were removing the action pursuant to the standard federal removal statutes: 28 U.S.C. §§ 28 U.S.C. 1441 & 1446.   The defendants barely discuss these provisions and the Court agrees with the plaintiff that the more specific removal provision of 15 U.S.C. § 77p controls removal here.

AO 72A
(Rev.8/82)

federal securities class action to federal court, or is the plaintiff entitled to litigate his federal claims in the state forum of his choice?   Although the question is straight-forward, the answer has been anything but simple.   Instead, because the specific removal provision (15 U.S.C. § 77p) and the general provision governing concurrent jurisdiction of federal securities (15 U.S.C. § 77v) are fraught with confusion, district courts have been unable to come up with a unified response to the question.  Rather, district courts are split, with some finding removal of such federal claims from state court to be proper and with others finding that these federal claims must be remanded to state court.

Typically, when district courts are split on an important dispute that affects national policy, appellate courts weigh in to settle the dispute.  That has not happened with this dispute because, under federal jurisprudence, an appellate court may not review a district court's determination to remand a case based on lack of subject matter jurisdiction.   Thus, district court decisions directing a remand are not reviewable on appeal.   As to those district court decisions denying remand, it is unclear how those decisions have escaped appellate review, but escape it, they have.

This Court has now joined the parade of other district courts that have tried to make sense of the removal provision governed by § 77p and § 77v.  There is nothing very original left to say about

this nine-year running dispute, but the Court is expected to explain why it has come down as it has, and it now endeavors to do so.

## II.   STATUTORY BACKGROUND

### A.   The 1933 Securities Act and Removal

As a general rule, a party can utilize 28 U.S.C. § 1441 to remove a cause of action from state to federal court if the federal district court has original jurisdiction over the dispute.   Thus, where both the state and the federal court have concurrent jurisdiction over a claim, § 1441 permits the defendant to remove to federal court any such cause of action that has been filed in state court.   The 1933 Securities Act[2] has, since its enactment, provided for concurrent federal and state jurisdiction over any private cause of action brought under it.  Were § 1441 applicable here, the defendants could clearly remove the present case asserting a federal securities class claim from state court to federal court, because a federal district court has original jurisdiction over such a claim.

---

[2]  Section 22(a) of the 1933 Act, as originally enacted, provided for concurrent jurisdiction and also contained the language that prohibited removal of any claim asserted pursuant to the Act in state court, as discussed *infra*.   To avoid the confusion that results from discussing sections of an act and then citing to a differently numbered codification of that same section, the Court will no longer refer to "Section 22(a)."   Instead, the Court will use the term "the Securities Act" or "1933 Act" to refer to Section 22(a).   When referring to particular provisions of the Act, it will refer to the codification of those provisions at Title 15.   For example, 15 U.S.C. § 77p(b).

AO 72A
(Rev.8/82)

nine-year running dispute, but the Court is expected to explain why it has come down as it has, and it now endeavors to do so.

## II.   STATUTORY BACKGROUND

### A.   The 1933 Securities Act and Removal

As a general rule, a party can utilize 28 U.S.C. § 1441 to remove a cause of action from state to federal court if the federal district court has original jurisdiction over the dispute. Thus, where both the state and the federal court have concurrent jurisdiction over a claim, § 1441 permits the defendant to remove to federal court any such cause of action that has been filed in state court. The 1933 Securities Act[2] has, since its enactment, provided for concurrent federal and state jurisdiction over any private cause of action brought under it. Were § 1441 applicable here, the defendants could clearly remove the present case asserting a federal securities class claim from state court to federal court, because a federal district court has original jurisdiction over such a claim.

---

[2] Section 22(a) of the 1933 Act, as originally enacted, provided for concurrent jurisdiction and also contained the language that prohibited removal of any claim asserted pursuant to the Act in state court, as discussed *infra*. To avoid the confusion that results from discussing sections of an act and then citing to a differently numbered codification of that same section, the Court will no longer refer to "Section 22(a)." Instead, the Court will use the term "the Securities Act" or "1933 Act" to refer to Section 22(a). When referring to particular provisions of the Act, it will refer to the codification of those provisions at Title 15. For example, 15 U.S.C. § 77p(b).

As originally enacted, however, the 1933 Act expressly prohibited removal to federal court of any claims made under it in a state court: "[N]o case arising under [the 1933 Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 22(a) (May 27, 1933). That prohibition did not run afoul of § 1441's general provision allowing removal of any federal claim filed in state court, because § 1441 also provides for an exception to this general rule when Congress has enacted a specific statute that forbids removal.[3] The 1933 Act, as originally enacted, is a statute that explicitly forbids removal to federal court of any cases filed pursuant to it, and this was the undisputed reading of the statute until 1998.[4] In 1998, Congress amended the Act to allow for removal of some securities class actions filed in state court. It is this amendment that is the center of the dispute in this case.

---

[3] "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441 (emphasis added).

[4] It should be noted, however, that even though defendants would have been unable to remove any cases filed in state court under the 1933 Act, in actuality, "state-court litigation of class actions involving nationally traded securities had previously been rare." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 126 S. Ct. 1503, 1511 (2006).

-5-

## B.    The 1995 Amendment (PSLRA) to the 1933 Act

In 1995, in an effort to curb abuses in private securities class action litigation, Congress passed the Private Securities Litigation Reform Act ("PSLRA"). In explaining the need for reform, the House Conference Report "identified ways in which the class action device was being used to injure 'the entire U.S. economy.'" *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 126 S. Ct. 1503, 1510 (2006) (quoting H.R. Rep. No. 104-369, p. 31 (1995)).   Specifically, "nuisance filings, targeting of deep-pocket defendants, vexatious discovery requests, and 'manipulation by class action lawyers of the clients whom they purportedly represent' had become rampant in recent years.") *Dabit, id.* at 1510-11 (quoting H.R. Rep. No. 104-369, p. 31 (1995)). These abuses injured the national economy because they "resulted in extortionate settlements, chilled any discussion of issuers' future prospects, and deterred qualified individuals from serving on boards of directors." *Dabit*, id. at 511, (quoting H.R. Rep. No. 104-369, at 31-32 (1995).)

To reduce the occurrence of this abusive litigation, the PSLRA, among other things, imposed heightened pleading requirements and required the stay of discovery pending the resolution of any motion to dismiss filed by the defendant.   *Dabit*, 126 S.Ct. at 1511. Congress hoped that such new requirements would "deter or at least quickly dispose of those suits whose nuisance value outweigh[ed]

-6-

their merits." *Id.*

### C.   **The 1998 Amendment (SLUSA) to the 1933 Act**

1.   Reasons for Enacting SLUSA

Congress was soon to be disappointed with the results of its efforts to impose stricter requirements on class-based securities actions, however. Because plaintiffs seeking to bring class securities actions disliked the stricter requirements of the PSLRA, they sought a means to get around these rules, and they found a way: they avoided the federal forum altogether and began bringing class actions under state law, often in state court. *Dabit*, 126 S.Ct. at 1511. This "phenomenon" of utilizing state courts for "litigation of class actions involving nationally traded securities had previously been rare." (*Id.*, quoting H.R. Rep. No. 105-640, p. 10 (1998)); See S.Rep. No. 105-182, pp. 3-4 (1998). "To stem this 'shif[t] from Federal to State courts' and 'prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of' the Reform Act...Congress enacted SLUSA." *Dabit*, *id.*

Whereas PSLRA had left untouched the 1933 Act's prohibition of the removal to federal court of security actions filed in state court, SLUSA amended that prohibition to allow for the removal of such cases from state to federal court. Whereas PSLRA had not addressed the extent to which state law securities claims should be

-7-

precluded by federal law, SLUSA did.  It is these provisions that are at issue in this case.

>    2.    Text of SLUSA Provisions at Issue

SLUSA is codified in scattered sections of 15 U.S.C.[5] To attempt to understand what SLUSA did to the jurisdictional landscape, one must first look at 15 U.S.C. § 77v.[6] As noted *supra*, the original language of the 1933 Act had provided for unqualified concurrent jurisdiction in both federal and state courts of cases brought under the 1933 Act.  It had further prohibited a defendant from removing to federal court a case under the 1933 Act that had been filed in state court.  Section 77v altered those provisions.

>    a.    Text of Section 77v

As set out below, with the newly-added language in bold print, § 77v now indicates that there will some category of cases or claims brought under it over which a state court will no longer have concurrent jurisdiction:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter...and, concurrent with State and Territorial courts, **except as**

---

[5]  *See* Pub. L. No. 105-353, 112 Stat. 3227 (1998), which sets out the text of SLUSA in its entirety.

[6]  Actually, the provision is § 77v(<u>a</u>).  As § 77v(b), which is a contempt provision, has no pertinence to the statutory analysis, the Court will, for simplicity's sake, often refer to § 77v(a) as § 77v.

-8-

> **provided in section 77p of this title with respect to covered class actions....**

15 U.S.C. § 77v(a) (emphasis added).

Section 77v does not specify the type of 1933 Act cases over which a state court will no longer enjoy concurrent jurisdiction, but instead refers the reader to § 77p to answer that question.  Amended Section 77v further allows for removal of some cases to federal court, with the amended language in bold, as follows:

> **Except as provided in section 77p(c) of this title,** no case arising under this subchapter and brought in any State court...shall be removed to any court of the United States."

15 U.S.C. § 77v(a) (emphasis added).

Again, as with the modification to the earlier concurrent jurisdiction provision, § 77v does not set out when a case can properly be removed from state court to federal court.  Instead, one has to go to another subsection of the Act--here, § 77p(c)--to answer that question.

Accordingly, one must proceed to § 77p and, in particular, § 77p(c), to try to decipher Congress's intent.

### III.   **ANALYSIS OF SECTION 77p**

#### A.   **Section 77p Generally**

Section 77p is captioned "Additional Remedies; limitation on remedies."  It contains the provisions that are referenced in Section 77v, which provisions purportedly dictate when a state court is

deprived of concurrent jurisdiction and when a defendant may remove a 1933 Act claims from state to federal court.

Sub-section (a) of § 77p makes the standard disclaimers that rights and remedies in § 77p are in addition to any other rights provided under law. Sub-section (b) disallows any specified securities class action from proceeding under state law. In effect, it gives preclusive effect to federal law, over state law, as to most securities class actions. Subsection (c) provides for the removal of "covered class actions" from state to federal court. Subsection (d) sets out, among other things, a kind of state-law class action that may still be brought. Subsection (e) indicates that states may continue to investigate and bring enforcement actions. Subsection (f) is the definitional section.

**B.   Subsection (c) of Section 77p**

Section 77p(c) provides that:

> Any covered class action brought in any State court involving a covered security, <u>as set forth in subsection (b)</u>, shall be removable to the Federal district court for the district in which the action is pending, *and shall be subject to subsection (b)*.

15 U.S.C. § 77p(b) (2000) (emphasis added).

Clearly, then, § 77p(b) indicates that some group of class-action cases brought in state court may be removed to federal court. Figuring out, from the language in the subsection, just what group of

-10-

cases the statute intends to describe, however, has been no easy feat for any court that has had to analyze the section. As discussed below, it is the emphasized phrases that have created the confusion in interpreting the removal provision.

The definitional subsection of the statute, subsection (f), defines two key terms in subsection (c): "covered class action" and "covered security." A "covered class action" is defined in subsection f(2)(A) as being essentially a class action maintained on behalf of more than 50 people.[7] A "covered security," under subsection f(3), is defined as one that satisfies the standards in § 77r(b). Section 77r(b), for the most part, defines a covered

---

[7]   Subsection (f)(2)(A) reads as follows:

(2)   Covered class action--

(A) In general

The term "covered class action" means-
(i) any single lawsuit in which-
(I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or

15 U.S.C. § 77p(f)(2)(A)(i).

security as one listed on a national securities exchange.

The overriding problem in interpreting § 77p(c) is created by the phrase, <u>as set forth in subsection (b)</u>, which is also underlined in the quoted excerpt above. But for that phrase, the language would be easily understood. That is, without that phrase, § 77p(c) would effectively provide that a defendant could remove from state court any class action filed under the 1933 Act on behalf of 50 or more people concerning a specified type of security. As so defined, § 77p(c) would allow for removal of the present case from state court to this court. Indeed, it would permit the removal of most class actions filed under the 1933 Act in state court.

The phrase is present, however, and the Court must try to discern its meaning. There are two possible terms in the sentence that the phrase "as set forth in subsection (b)" could be modifying: "covered class action" or "covered security." The defendants argue that the phrase modifies "covered security;" the plaintiff contends that it modifies "covered class action."

In deciding this question, some courts have focused on the position of the comma in the sentence. It seems to this Court that one can argue both sides of this "comma placement" dispute and either side is equally persuasive. As the placement of the comma does not decide the case, at least for this Court, the Court then turns to the subsection referenced--§ 77p(b)--to see if a reading of that

-12-

subsection makes things clearer.

Subsection (b) of section 77p provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging--
>
> > (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
> >
> > (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b).

In essence, subsection (b) provides that a plaintiff may not pursue, in any court, a class action on behalf of more than 50 people that is based on state law and that involves the type of conduct described in (b)(1)(2): that is, conduct involving an untrue statement or manipulation and deception. As most state securities fraud statutes presumably set out, as elements, acts of falsity or deception, subsection (b) can be oversimplified a bit to read as follows: most class actions brought on behalf of 50 or more people and alleging a violation of state securities fraud cannot be maintained in state or federal court. Simplifying the subsection further: most class securities actions filed in state court and based on state law cannot be pursued in any court.

-13-

Now, one must plug subsection (b) back into subsection (c), as the latter references it.  Again, subsection (c) provides that: "Any covered class action brought in any State court involving a covered security, <u>as set forth in subsection (b)</u>, shall be removable to the Federal district court for the district in which the action is pending, *and shall be subject to subsection (b).*"

Plaintiff contends that the phrase, "as set forth in subsection (b)" refers to the entire phrase: "any covered class action brought in any State court involving a covered security."  As a linguistic matter, plaintiff's contention will work.  Under that interpretation, one looks to the class action set out in (b), which is a class action on behalf of more than 50 people, alleging acts of falsity or deception, and based on state law.  To repeat more briefly plaintiff's construction and oversimplifying again: a typical class securities action based on state law may be removed to federal court. Of course, once such an action is removed, it would be subject to an immediate dismissal by the district court, because subsection (b) provides, essentially, that state securities class actions are precluded by federal law.  Lest that lesson is forgotten, the italicized portion of the subsection--"and shall be subject to subsection (b)"--reminds the reader of a result that would have occurred without inclusion of the phrase.  In short, the plaintiff's construction works, as a linguistic matter.

-14-

The defendants' interpretation creates a more awkward construction. Defendants argue that the phrase "as set forth in subsection (b)" modifies the phrase, "a covered security." That is, one can remove a class action on behalf of more than 50 people brought in state court if it involves a "covered security" as set out in § 77p(b). "A covered security" may be found in class security actions based on either federal or state law. Accordingly, defendants argue, as long such a security is involved, any class action of the required size that is filed in state court--whether based on federal or state law--may be removed to federal court by a defendant.

Yet, when one turns back to § 77p(b) to test defendants' proposed construction, one readily perceives that (b) does not define a covered security at all. It instead discusses the type of class action that can no longer be maintained under state law, whether in state or federal court. It is true that (b)(1)-(2) sets out the elements that a state statute must contain in order for a case brought pursuant to that statute to be deemed precluded by federal law, and therefore subject to dismissal. Yet, an argument that one can define a covered security by identifying the proscribed conduct of a putative defendant seems to be a bit of a stretch and clearly creates a very awkward construction.

In short, as to a textual analysis of § 77(b)(c), by itself,

-15-

plaintiff seems to have the stronger argument.  Defendants' argument gains some steam when one turns to § 77v, however.  As noted earlier, § 77v was amended to allow removal of action filed in state court and to limit in the state courts what had previously been coterminous jurisdiction over 1933 Act claims.  Defendants note that § 77v, as amended, now effectively provides that some cases <u>filed under the 1933 Act</u> are removable to federal court, whereas in the past, no such cases were removable.[8]  Yet, were plaintiff's construction of § 77p(c) to prevail, only <u>state</u> law cases could be removed; no 1933 Act cases filed in state court would be capable of removal.  Yet, the § 77v provision for the removal of cases is clearly referencing 1933 Act cases ("no case arising under this subchapter.")

It is a "'cardinal rule that a statute is to be read as a whole' [and] a basic tenet of statutory construction that courts must interpret a statute to give meaning to each provision so as to 'avoid statutory interpretations that render provisions superfluous.'" *Rovner v. Vonage Holdings Corp.*, Civ. A. No. 07-178, 2007 WL 446658, *4 (D.N.J. Feb. 7, 2007) (internal citations omitted).  Were

---

[8] "The district courts of the United States...shall have jurisdiction of offenses and violations under this subchapter...and, concurrent with State...courts, except as provided in section 77p of this title with respect to covered class actions....**Except as provided in section 77p(c) of this title**, no case arising under this subchapter and brought in any State court...shall be removed to any court of the United States."  15 U.S.C. § 77v(a)(emphasis added).

-16-

plaintiff's construction of § 77p(c) meritorious, defendants contend, Congress would not have added the cited language in § 77v that provides for the removal of some group of federal law security cases filed in state court.

Defendants make a valid point.  The phrase "except as provided in section 77p(c)," found in § 77v, seems to have no meaning if one accepts plaintiff's construction of § 77p(c).  In addition, an earlier phrase in § 77v also bolsters the defendants' argument. Specifically, as to the presence of concurrent jurisdiction in state courts of 1933 Act cases, the SLUSA-amended § 77v now provides that:

> The district courts of the United States...shall have jurisdiction of offenses and violations under this subchapter...and, concurrent with State...courts, **except as provided in section 77p of this title with respect to covered class actions**....

15 U.S.C. § 77v(a) (emphasis added).

This provision means that whereas, in the past, the jurisdiction of state courts over 1933 Act claims was fully co-extensive with the jurisdiction of federal courts over the same claims, now there will still be some group of 1933 Act cases over which there will be state jurisdiction, but there will also be another group of 1933 Act cases (those provided for in section 77p) over which the state courts do not have jurisdiction.  Defendants argue that plaintiff's construction means that state courts will still have coextensive jurisdiction over <u>all</u> 1933 Act class claims.  Further, as it clearly

-17-

was the intent of Congress to alter that result, through SLUSA, plaintiff's construction defeats that provision of §77v. According to defendants, the construction that gives effect to the amended language in § 77v concerning concurrent jurisdiction would be one in which state courts would still have jurisdiction over 1933 Act claims made for <u>individuals</u>, but would no longer have jurisdiction for specified 1933 Act claims asserted on behalf of a <u>class</u> of 50 or more persons. The Court agrees that defendants' construction is one that would give effect to all the terms of § 77v.

Indeed, many of the district courts that have denied motions to remand in cases that involve the present dispute have been greatly persuaded by an argument that a construction of § 77p(b) like that offered by the plaintiff would vitiate the amended provisions of § 77v(a). *See Rubin v. Pixelplus Co., Ltd.*, Civ. A. No. 06-cv-2964, 2007 WL 778485, *4 (E.D.N.Y. March 13, 2007) (endorsing the reasoning in *Alkow* and finding that if § 77p(c) only applied to state law claims, the amendment to Section 22(a) would be meaningless); *Rovner v. Vonage Holdings Corp.*, Civ. A. No. 07-178, 2007 WL 446658, *4 (D.N.J. Feb. 7, 2007) (in order for the "arising under" exception to have any meaning, it must apply to some subset of cases that actually arise under the 1933 Act); *Alkow v. TXU Corp.*, Civ. A. Nos. 3:02-cv-2738-K, 3:02-cv-2739-K, 2003 WL 21056750, *1 (N.D. Tex. May 8, 2003) (if § 77p(c) only applied to state law claims, then no claims arising

-18-

under the 1933 Act would be removable, and the exception language in § 77v(a) would be meaningless); *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122, 1124 (C.D. Cal. 2003) (reading sections 77p(b) and (c) to only permit the removal of state law claims would render the amendment to § 77v(a) meaningless).[9]

In summary, if one focuses only on § 77p(c), which is the more specific statute and which contains the specific removal provision at issue, then plaintiff has the better argument.  If one focuses on both §§ 77p(c) and 77v, then defendants' argument becomes more persuasive, although defendants' construction of § 77p(c) remains

---

[9]     A federal district court in the District of New Hampshire, however, has come up with a scenario that would give effect to both § 77p(c), as interpreted by plaintiffs, and also give meaning to the "except" language in § 77v.  Specifically, Judge Barbadoro notes that, when adding the "except" language to the sentences in § 77v concerning concurrent jurisdiction and concerning the general prohibition against removing cases filed under the 1933 Act in state court, Congress may have been envisioning a situation in which a plaintiff filed, in state court, security class claims based on both state law and the 1933 Act.  Following SLUSA, the state claim would clearly be removable, and once removed, dismissed by the federal court, pursuant to § 77p(b) and (c).  Section 77p(c), however, would not permit the removal of the federal claim with the rest of the case, according to this analysis.  To ensure that the entire case would then be removable to federal court, given the existence of a non-removable federal claim, Congress had to find a mechanism to allow this.  That mechanism was § 77v.  *In re Tyco Int'l, Ltd.*, 322 F. Supp. 2d 116, 120 (D.N.H. 2004).

Perhaps.  This is certainly a clever argument.  Given the unnecessarily imprecise drafting of certain provisions of SLUSA, as discussed *supra*, this Court doubts that its drafters were exercising the forethought attributed to them by the court in *Tyco*.

-19-

awkward.

## IV.  <u>LEGISLATIVE HISTORY</u>

Defendants argue that the legislative history indicates that Congress intended to remove all covered class actions, and not just those based on state law.  The Court is well aware of the primacy of textual interpretation over legislative history in matters of statutory interpretation.  Nevertheless, as the undersigned's able colleague has noted when previously examining this question, "Given the ambiguity of 15 U.S.C. § 77p(c), it is permissible to peek at the legislative history." *Williams v. AFC Enter., Inc.* Civ. A. No. 1:03-cv-2490-TWT at 7 (Nov. 20, 2003) (Thrash, J.).

If one reviews conference reports and the statements of Congressmen as to their intent in drafting SLUSA, defendants would appear to have the better argument when they contend that Congress enacted SLUSA to ensure that federal courts, not state courts, were the fora for litigation of class security fraud claims.  For example: (1) "The solution to this problem [PSLRA circumvention] is to make Federal court the exclusive venue for most securities fraud class action litigation involving nationally traded securities."  H.R. Conf. Rep. No. 105-803; (2) "'[L]awsuits alleging violations that involve securities that are offered nationally belong to the Federal court.'" *Kulinski v. Am. Elec. Power Comp.,* 2003 WL 24032299, at * 4 (S.D. Ohio, Sept. 19, 2003) (quoting 144 Cong. Rec. H11019-01,

H11020 (1998)); (3) "'The premise of this legislation is simple: lawsuits alleging violations that involve securities that are offered nationally belong to Federal court.'" *Brody*, 240 F. Supp. 2d at 1124 (C.D. Cal. 2003) (quoting 144 Cong. Rec. H11019-01, H11020 (1998) (comments of Representative Bliley); and (4) "'The purpose of this title is to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court.'" *Id.* (citing Conference Report).

Some courts have also cited the Congressional findings of SLUSA in support of their conclusion that Congress intended to authorize the removal of all covered class actions to federal court. In particular, they cite to the following statement:

> [I]n order to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the Private Securities Litigation Reform Act of 1995, it is appropriate to enact national standards for securities class action lawsuits involving nationally traded securities.

*Brody*, 240 F. Supp. 2d at 1124 (quoting P.L. 105-353, § 2).

Although the above cited statements provide substantial support for an inference that Congress intended SLUSA to eliminate state courts as a forum for federal securities class actions, there is other language that suggests that Congress was simply trying to preempt or preclude state law, not state fora, from being used in

-21-

securities class actions. For example, the first sentence of SLUSA states that the purpose of SLUSA is "'to limit the conduct of securities class actions *under State law.'" Nauheim v. Interpublic Group of Companies, Inc.*, Civ. A. No. 02-C-9211, 2003 WL 1888843, (N.D. Ill. Apr. 16, 2003) at * 5 (quoting Securities Litigation Uniform Standards Act of 1998, Pub.L. No. 105-353, 112 Stat. 3227 (1998) (emphasis added). Similarly, Congress stated that it enacted SLUSA in 1998 to "'prevent plaintiffs from seeking to evade the protections that federal law provides against abusive litigation by filing suit in State court, rather than Federal court.'" *Id.* (citing H.R. Conf. Rep. 105-803 (1998)). Congress also stated that "[b]y suing in state court under *state* statutory or common law (rather than under the federal securities laws), litigants were able to circumvent the restrictions placed upon securities claims in federal court." *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F. 3d 1334, 1341 (11th Cir. 2002) (citing Pub.L. No. 105-353 § 2(2).)

Thus, the legislative history is, itself, murky insofar as it suggests an answer to the question before the Court. Leaving aside Congressional reports and speeches, what appears to trouble courts most about remand of 1933 Act cases brought in state court is that such a result is totally at odds with the underlying purpose that seems so obviously behind the SLUSA enactment. *See, e.g., Rubin v. Pixelplus Co., Ltd.*, Civ. A. No. 06-cv-2964, 2007 WL 778485, *5

-22-

(E.D.N.Y. March 13, 2007) (a conclusion that a class action complaint labeled as a state law action is removable, whereas one labeled as a Securities Act violation is not, would lead to "an absurd result" that undermines the principal purpose of SLUSA to stop state-court litigation of class actions involving nationally traded securities); *Rovner v. Vonage Holdings Corp.*, Civ. A. No. 07-178, 2007 WL 446658, *5 (D.N.J. Feb. 7, 2007) (in addition to statutory interpretation, "a healthy dose of common sense" requires conclusion that removal of only state law claims, and not claims asserting the federal Securities Act, would be irreconcilable with Congress's goal to curtail meritless class actions through enactment of SLUSA); *Williams v. AFC Enterp., Inc.*, Civ. A. No. 1:03-cv-2490-TWT, at 7-8 (Nov. 20, 2003) (although ultimately granting motion to remand, in part, because of Eleventh Circuit *dicta*, the court noted that this result "makes no sense.")

The Court agrees with its astute colleague, Judge Thrash, that "[g]iven the intent of SLUSA, it just makes no sense to prohibit the removal of federal securities class actions to federal court. Such a prohibition would permit the sort of end run around the PSLRA that [SLUSA] attempted to stop. It is inconceivable to me that the drafters of the Act intended such an outcome." *Williams v. AFC Enterp., Inc. id.*, at 7-8.

Congress was disappointed in the results of its efforts, through

-23-

PSLRA, to rein in frivolous securities class actions. Plaintiffs had found a way to end-run that statute by simply filing state law claims in state court. SLUSA was supposed to remedy the problem. Precluding state law-based securities class claims, as SLUSA clearly did, would seem to be only part of the solution. If these same plaintiffs could still go to the same state courts that they previously had found to be more malleable, even subject to the requirements set out in PSLRA, it would seem that plaintiffs would still likely be able to defeat, to some extent, the goals of PSLRA. Certainly, Congress's desire to create a unified national standard for securities class actions cannot be met if fifty different state jurisdictions now become the official, and perhaps exclusive,[10] interpreters of a federal statute. Indeed, given the dearth of federal law interpreting PSLRA, as a result of the flight of plaintiffs to state courts, state courts will now become the creators of the legal precedent that governs a federal statute. Instead of a national standard, there will be fifty different standards.

Further, leaving aside the fact that this result will eviscerate Congress's purported desire to establish a national standard

---

[10] It is true that the United States Supreme Court may entertain a petition of certiorari from a state supreme court. Yet, it will take dozens of fact-based rulings on pleadings and discovery decisions to give content to the PLSRA. The likelihood that many such decisions will find their way to review by a state supreme court and then by the United States Supreme Court seems very unlikely.

AO 72A
(Rev.8/82)

governing federal securities act class claims, the result will also create a tremendous burden on state-court systems that are already beleaguered with heavy dockets and scarce resources. Now, in addition to handling their already heavy docket of state law cases, these courts will be tasked with mastering a very specialized and complex area of federal law in which they traditionally have had no experience. By requiring state courts to interpret this federal law and to preside over cases brought pursuant to it, Congress will have imposed an enormous unfunded mandate on these courts to do the work that Congress should have its own courts do.

In short, this Court agrees that Congress, burned once already by an unintended consequence of PSLRA, did not set out to reap that same sort of result after enactment of SLUSA. Nonetheless, like Judge Thrash, this Court feels compelled, on its reading of the law, to remand the case. Recent Supreme Court *dictum,* as explained below, ultimately persuades the Court to do so.

## V.   **THE TIEBREAKER: THE SUPREME COURT'S DICTUM IN *KIRCHER***

The Supreme Court recently ruled on a case involving the remand of a state-law based class securities claim. *Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145 (2006). The plaintiff had filed a securities case pursuant to state law, in state court. After removal to federal court, pursuant to SLUSA, the federal district court had granted the plaintiff's motion to remand, concluding that the plaintiff's claim

-25-

did not place him within the reach of the preclusion provision of §
77p(b).   If not precluded by SLUSA, the state law claim could proceed
and it should be remanded, according to the district court.  (*Id.* at
2151.)  On appeal, the Seventh Circuit reversed.  (*Id.* at 2152.)  The
Supreme Court held that, pursuant to 28 U.S.C. § 1447(d), the Seventh
Circuit lacked jurisdiction to consider the merits of the district
court's decision to remand based on lack of subject matter
jurisdiction.  (*Id.* at 2153-54.)  Accordingly, it reversed the
Seventh Circuit and ruled that the action should be remanded, as the
district court had ordered.

Although it had already made its decision to remand, and over
the objection of Justice Scalia, *id.* at 2157-59, the majority opinion
went further and proceeded, itself, to consider the merits of the
district court's decision.   In doing so, the majority made a
pronouncement that, albeit *dictum*, purported to set a standard that
would dictate the result in this case.  Specifically, the Court held:

> In sum, we see no reason to reject the
> straightforward reading: *removal and jurisdiction to*
> *deal with removed cases is limited to those*
> *precluded by the terms of subsection (b)*.
>
> *Once removal jurisdiction under subsection (c) is*
> *understood to be restricted to precluded actions*
> *defined by subsection (b)*, a motion to remand
> claiming the action is not precluded must be seen as
> posing a jurisdictional issue. If the action is
> precluded, neither the District Court nor the state
> court may entertain it, and the proper course is to
> dismiss. *If the action is not precluded, the federal*

> *court likewise has no jurisdiction to touch the case*
> *on the merits, and the proper course is to remand to*
> *the state court* that can deal with it.

*Id.* at 2155 (emphasis added).

Thus, the majority opinion appears to conjecture that a federal district court has no removal jurisdiction pursuant to 15 U.S.C. § 77p(c) unless the action being removed is precluded under federal law--that is, unless it is a class action based on state law. Because an action based on federal securities law is not precluded by federal law--it *is* the applicable federal law--then, by inference, such an action cannot be removed to federal court.

This Court recognizes that the above statement was *dictum*. The Supreme Court was not confronting a case in which a plaintiff had actually asserted federal claims in state court, and thus it had no reason to decide whether removal of such claims would be proper. Certainly, the Supreme Court did not undergo the laborious textual analysis that is necessary to resolve this question, and that all other courts that have reviewed the matter have done. Nonetheless, the Supreme Court made the above rather emphatic and expansive statement. Presumably, the Court was aware of the ongoing dispute about removal of such claims.

Accordingly, given the uncertainty of the defendants' proposed interpretation of the statute, combined with the Supreme Court's pronouncement, albeit in *dictum*, to the effect that removal of a

-27-

federal securities claim from state court is not permitted by SLUSA, defendants have failed to demonstrate that this action falls within the group of cases that §§ 77v(a) and 77p(c) permit to be removed. Accordingly, this Court concludes that it must **REMAND** the action.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's Motion to Remand to State Court [3] AND **DENIES** defendants' Request for Oral Argument on Plaintiff's Motion to Remand [9].

SO ORDERED, this ___14___ day of September, 2007.

_Julie Carnes_
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

-28-